Argued and submitted September 7, 2010, affirmed May 18, petition for review allowed October 20, 2011 (351 Or 254)

Carla D. MORGAN,
*Plaintiff-Appellant,*

*v.*

AMEX ASSURANCE COMPANY,
*Defendant-Respondent.*

Multnomah County Circuit Court
071011736; A141913

259 P3d 39

Dean Heiling argued the cause for appellant. With him on the briefs was Heiling Dwyer & Associates.

Cliff J. Wilson argued the cause for respondent. With him on the brief was Ryan J. McLellan and Smith Freed & Eberhard, P.C.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Landau, Judge pro tempore.

SERCOMBE, J.

## SERCOMBE, J.

Plaintiff brought this action on an automobile insurance policy after defendant, her insurer, failed to accept her claim for uninsured motorist benefits. Plaintiff's claim was settled by an accepted pretrial offer of judgment. The judgment awarded "$85,000 plus any costs and attorney fees to which plaintiff may be entitled." Plaintiff petitioned for attorney fees pursuant to ORS 742.061. That statute entitles an insured to reasonable attorney fees in an action on "any policy of insurance of any kind or nature" where settlement is not made within six months of proof of loss. The trial court concluded that plaintiff was not entitled to attorney fees because ORS 742.001 limits the scope of chapter 742, including ORS 742.061, to "insurance policies delivered or issued for delivery in this state" and plaintiff's policy was issued and delivered in Washington. On appeal, we conclude that the trial court correctly determined that the scope of ORS 742.061 is limited by ORS 742.001, and, accordingly, we affirm.

■ We analyze the legal issue in this case without deference to the trial court's ruling. That issue arises in the following context. In 2004, plaintiff applied for automobile insurance from defendant while she was living in Vancouver, Washington, and commuting to work in Portland. Her automobile was registered and garaged in Washington. Defendant issued plaintiff a Washington insurance policy and delivered it to the Vancouver address she had provided.

In 2005, plaintiff was in an automobile accident with an uninsured motorist while commuting to work across the Glenn Jackson Bridge, which spans the Columbia River between Oregon and Washington. Plaintiff filed proof of loss with defendant, seeking uninsured motorist benefits under her insurance policy. After defendant failed to accept coverage or tender payment of benefits, plaintiff filed this action. Defendant made, and plaintiff accepted, a pretrial offer of judgment. Based upon that settlement, the trial court rendered a general judgment that awarded plaintiff "$85,000 plus any costs and attorney fees to which plaintiff may be entitled."

Plaintiff then sought an award of attorney fees pursuant to ORS 742.061, which provides, in part:

"(1)   Except as otherwise provided in subsections (2) and (3) of this section, if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon. * * *

"* * * * *

"(3)   Subsection (1) of this section does not apply to actions to recover uninsured or underinsured motorist benefits if, in writing, not later than six months from the date proof of loss is filed with the insurer:

"(a)   The insurer has accepted coverage and the only issues are the liability of the uninsured or underinsured motorist and the damages due the insured; and

"(b)   The insurer has consented to submit the case to binding arbitration."

Defendant objected, and argued that ORS 742.001 precluded an award of attorney fees under the circumstances of the case. That statute defines the scope of ORS chapter 742:

"This chapter and ORS chapters 743 and 743A apply to all insurance policies delivered or issued for delivery in this state except:

"(1)   Reinsurance.

"(2)   Wet marine and transportation insurance policies.

"(3)   Surplus lines insurance policies."

ORS 742.001. The trial court concluded that "the ORS 742.001 language controls here" and entered a supplemental judgment denying an award of attorney fees.

On appeal, the parties largely reprise their arguments from below. Plaintiff contends, first, that ORS 742.061 explicitly applies to "any policy of insurance of any kind or nature" and that those terms are absolute. In support of that

contention, plaintiff observes that the original enactment of ORS 742.061 predated its codification with ORS 742.001. Thus, plaintiff reasons that the later enactment of ORS 742.001 and recodification of ORS 742.061, which brought those provisions together in the same chapter, were not intended to narrow the effect of ORS 742.061. Instead, plaintiff argues that the statute was intended to apply, as it had before, to "any" insurance policy. Moreover, as a matter of statutory construction, plaintiff argues that ORS 742.001 does not constrain the operation of ORS 742.061 because the latter provision embodies a more particular expression of legislative intent that controls over the general expression of intent in ORS 742.001.

Defendant responds that ORS 742.001 is relevant context for purposes of interpreting ORS 742.061 and that we must give effect to both of those provisions. From that premise, defendant concludes that ORS 742.061 applies only to insurance policies delivered or issued for delivery in Oregon and, because plaintiff's policy was issued and delivered in Washington, she is therefore not entitled to attorney fees under the statute. For the reasons that follow, we agree with defendant.

■■  Plaintiff's contention that ORS 742.001 does not inhibit the operation of ORS 742.061 presents a question of statutory construction. In construing a statute, we examine the text of the statute in context, along with any relevant legislative history, to discern the legislature's intent. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). ORS 742.061 applies to "any policy of insurance of any kind or nature" and defendant's policy is one for insurance. The issue is whether the legislature intended ORS 742.001 to limit the application of ORS 742.061 to only "insurance policies delivered or issued for delivery in this state."[1]

Plaintiff contends that the limitation in ORS 742.001 irreconcilably conflicts with the text of ORS 742.061 and that the latter provision, as the more particular expression of legislative intent, should control. Plaintiff is correct

---

[1] Because plaintiff concedes that the insurance policy in this case was "delivered" and "issued for delivery" in Washington, we need not decide the precise meaning of those terms.

that "[w]hen a general and particular provision are inconsistent, the latter is paramount to the former so that a particular intent controls a general intent that is inconsistent with the particular intent." ORS 174.020(2). However, we disagree with plaintiff's assertion that ORS 742.061 and ORS 742.001 are in irreconcilable conflict. Instead, where, as here, "there are several provisions or particulars[,] such construction is, if possible, to be adopted as will give effect to all." ORS 174.010. The statutes at issue here can easily be read together, although with some overlap, so that ORS 742.061 applies to "any" insurance policy "delivered or issued for delivery" in Oregon. That construction makes the text of both statutes consistent: it limits the geographical operation of ORS 742.061 and, at the same time, recognizes that the statute applies broadly to any type of insurance policy. That construction does no violence to ORS 742.061. We have previously determined that the broad language in that statute is not absolute. *See Strader v. Grange Mutual Ins. Co.*, 179 Or App 329, 335-38, 39 P3d 903, *rev den*, 334 Or 190 (2002) (rejecting the plaintiff's argument that ORS 742.061, by its unambiguously broad language, superseded an exemption in another statute).

Moreover, we are unpersuaded by plaintiff's contention that the legislature intended ORS 742.061 to be unaffected by the enactment of ORS 742.001. ORS 742.001 was enacted in 1967 and initially codified at ORS 743.003 (1967). *See* Or Laws 1967, ch 359, § 335. That enactment provided, "Sections 335 to 524 of this 1967 Act apply as to all insurance policies delivered or issued for delivery in this state other than reinsurance and wet marine and transportation insurance policies." *Id.* Within the same enactment, at section 371, a predecessor statute to ORS 742.061 was amended and renumbered as ORS 743.114. *See* Or Laws 1967, ch 359, § 371 (amending ORS 736.325, *renumbered as* ORS 743.114 (1967)). Thus, by its terms and from its inception, ORS 742.001 was intended to circumscribe the application of ORS 742.061. There is nothing to suggest that the legislature was somehow unaware of that effect or intended to exempt the attorney fees provision from the scope limitation in what is now ORS 742.001. The unavoidable conclusion is that

ORS 742.061 applies only to insurance policies issued or delivered in Oregon.

Plaintiff nonetheless argues that *Vancouver Furniture v. Industrial Indemnity*, 74 Or App 642, 704 P2d 518 (1985), *rev den*, 300 Or 477 (1986), forecloses that interpretation. We disagree. In that case, the plaintiff, a Washington company, brought an action on a fire insurance policy to recover for business interruption losses. *Id.* at 644. The plaintiff prevailed and was awarded attorney fees pursuant to *former* ORS 743.114 (1983), *renumbered as* ORS 742.061 (1989). On appeal, the defendant argued that "because the loss occurred in Washington, the law of that forum, rather than Oregon law, is applicable and that the court therefore should not have awarded any attorney fees." *Vancouver Furniture*, 74 Or App at 648. The court stated, "However, plaintiff argues that attorney fees under ORS 743.114 are awardable 'as part of the costs of the action,' and that their award is therefore a procedural matter subject to Oregon law. That is the law." *Id.* (citations omitted).

Plaintiff argues that, because the insured in *Vancouver Furniture* was a Washington company, we can infer that the policy was not "delivered or issued for delivery" in Oregon. Thus, plaintiff concludes that the court used *former* ORS 743.114 to award attorney fees even though the policy was issued and delivered outside of Oregon, *i.e.*, despite the existence of *former* ORS 743.003 (1983), *renumbered as* ORS 742.001 (1989).

*Vancouver Furniture* makes no mention of where the pertinent policy was issued or delivered and engages in no discussion of *former* ORS 743.003. There is no indication that the scope of *former* ORS 743.114 was considered in that case.[2] Rather, the court addressed only the threshold issue of whether Washington or Oregon law governed the matter of

---

[2] In fact, the abstract of record in that case suggests that the policy may have been issued in Oregon. *See* Brief of Defendant-Appellant at A-1, *Vancouver Furniture v. Industrial Indemnity*, 74 Or App 642, 704 P2d 518 (1985), *rev den*, 300 Or 477 (1986) ("Such policy of insurance was negotiated with defendant, purchased from defendant, and issued through defendant's authorized agent, all in Portland, Oregon.").

attorney fees. Finding that forum law governed the matter of attorney fees in that case, the court assumed an award of attorney fees was appropriate under the statute. The case does not include any analysis of the statute itself and thus is not helpful in resolving the issue presented here.

In light of the text and context of ORS 742.061, we conclude that it entitles an insured to attorney fees in an action on an insurance policy only where the policy was "delivered or issued for delivery" in Oregon. Because plaintiff's policy was delivered and issued for delivery in Washington, the trial court did not err in denying her petition for attorney fees.

Affirmed.